**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID SAMUEL, individually and on behalf      )
of all others similarly situated,      )
     )     Case No. _____
     *Plaintiff*,      )
     )     Principal case pending in the
     v.      )     United States District Court for the
     )     Southern District of New York,
JOHN DOES,      )     Case No. 1:18-cv-01593
     )
     *Defendants*.      )

## <u>MOTION TO QUASH SUBPOENA</u>

Cboe Global Markets, Inc. ("Cboe"), a non-party, by its attorneys, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3) for an Order quashing the subpoena for documents ("the Subpoena") served on it by Plaintiff ("Samuel") in connection with a lawsuit filed in the Southern District of New York. In support of its Motion, Cboe submits and incorporates its Memorandum in Support of Motion to Quash Subpoena and states as follows:

1. Samuel issued a subpoena to Cboe in connection with the action captioned *David Samuel v. John Does*, No. 1:18-cv-01593, pending in the United States District Court for the Southern District of New York.

2. Cboe, through its subsidiaries, is the publisher of a measure known as the Cboe Volatility Index or "VIX," and operates the Cboe Exchange and Cboe Futures Exchange, which are exchanges for trading certain VIX-linked derivative products. In addition to publishing the VIX, Cboe also employs a process for determining the final settlement value of its expiring derivative products that is known as the Special Opening Quotation ("SOQ").

3. The underlying, principal case is a class action lawsuit alleging that John Doe defendants colluded with each other to manipulate the settlement value of the VIX in order to affect the settlement prices of derivative products linked to the VIX, in violation of the Sherman Act. Cboe has not been named as a defendant in the underlying lawsuit. However, the Subpoena seeks a variety of transaction information from Cboe that Samuel asserts is necessary to identify John Doe entities named as defendants in his complaint.

4. Samuel's lawsuit is only one of eighteen lawsuits filed to date in the Northern District of Illinois and the Southern District of New York that are the subject of a pending motion before the Judicial Panel on Multidistrict Litigation ("JPML") for transfer and coordination or consolidation. The lawsuits contain common or similar allegations concerning manipulation of the VIX, manipulation of the settlement process for VIX derivatives traded at Cboe entities, and/or manipulation of other volatility related financial products. Cboe has been named as a defendant in eleven of those actions, but plaintiffs in the remaining seven cases have either served or sought to serve Cboe with a subpoena, or allege that they will seek to serve a subpoena or seek discovery from Cboe to identify John Doe defendants. The JPML has scheduled oral argument for May 31, 2018, and Cboe expects a decision will issue in early June.

5. This district is the appropriate venue to adjudicate Cboe's motion to quash, for three reasons. First, Samuel represented to the Southern District of New York that this Court is the appropriate district of compliance. He therefore has acquiesced to this Court's authority to decide the motion to quash and has waived any argument for a different forum. Second, the Southern District of New York issuing court's order presupposes, on the basis of Samuel's representation, that this Court will adjudicate any motion to quash. Any contrary argument by Samuel now would be a collateral attack on the issuing court's order. Third, the Federal Rules prescribe that motions

2

to quash be adjudicated by "the district where compliance is required," Fed. R. Civ. P. 45(d)(3)(A), and that district is the district where compliance is *properly* required under Rule 45(c), *see, e.g.*, *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *2-3 (C.D. Ill. July 7, 2017). A subpoena may only command compliance "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Cboe is headquartered and regularly transacts business in Chicago, Illinois. And the employee custodians who would be required to compile the information are employed in Chicago. Thus, this Court is the proper district to adjudicate the motion to quash.

6. The Subpoena violates Rule 45 and must be quashed because it seeks to command compliance "beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Samuel has noticed the Subpoena for compliance in Radnor, Pennsylvania, more than 100 miles from Chicago. Yet, Samuel represented—correctly—to the issuing court that the Northern District of Illinois would be the place of compliance for the Subpoena, and that any prejudice to Cboe would be mitigated by its ability to litigate objections to the Subpoena here. Samuel's litigation position and the Southern District of New York issuing court's ruling noting Samuel's representation resolve this issue.

7. Even absent Samuel's concession, Pennsylvania would be an improper place of compliance. Cboe's headquarters and the Cboe employees with control over the data and documents Samuel seeks, and who would be required to gather, compile, and review the documents, are not located in Samuel's proposed district of compliance. The fact that Samuel's noticed place of compliance is within 100 miles of Cboe's place of incorporation, in Delaware, is irrelevant to the Rule 45 analysis in this case. *See, e.g.*, *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*,

3

Misc. No. 16-108-SLR, 2016 WL 3606775, at *3 (D. Del. June 30, 2016); *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09-126-SLR, 2010 WL 181088, at *2 (D. Del. Jan. 19, 2010).

8. The Subpoena also must be quashed because it subjects Cboe to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiffs in several of the VIX-related cases pending in this district and the Southern District of New York have and are likely to seek similar and overlapping, but not identical, discovery. The information Cboe would potentially produce in response to the Subpoena will not suffice for all plaintiffs. After the JPML rules, however, and if these cases are transferred and coordinated, the court to which the JPML transfers these cases can coordinate discovery among *all* plaintiffs so that Cboe is required to respond to only a single subpoena seeking information covering requests from all plaintiffs. Even if the cases are not coordinated and transferred, it is likely that a single court in each of the Northern District of Illinois and the Southern District of New York will coordinate discovery in the cases pending in each district. It would be unduly burdensome to force Cboe to comply with a subpoena in one initial case before the JPML rules on consolidation and without knowing whether Cboe's efforts will be for naught or must be duplicated. Courts in this district routinely quash subpoenas issued to non-parties when responding would subject the non-party to undue burden, even where the non-party may have some relevant discovery. *See, e.g.*, *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927-28 (7th Cir. 2004); *Tresóna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *5 (N.D. Ill. Aug. 17, 2015).

9. Cboe submits this motion without prejudice to or waiver of the additional objections to the Subpoena that Cboe has timely asserted. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii); *Exodus Refugee Immigration, Inc. v. Pence*, No. 1:15-cv-1858-TWP-DKL, 2016 WL 3917094, at *4 (S.D. Ind. July 20, 2016) ("[H]aving timely served its objections to the subpoena, [the recipient] was no

longer under any obligation to produce the requested documents—not unless and until ordered to do so by the Court.").

10. Cboe respectfully requests that this Court enter an order quashing the Subpoena, without prejudice to Samuel's ability to pursue it, if noticed for a valid place of compliance, after the JPML rules.

Dated: May 4, 2018                                        Respectfully submitted,

                                                         /s/ Reid J. Schar

                                                         Reid J. Schar
                                                         Gregory M. Boyle
                                                         JENNER & BLOCK LLP
                                                         353 N. Clark Street
                                                         Chicago, IL 60654-3456
                                                         (312) 222-9350
                                                         rschar@jenner.com
                                                         gboyle@jenner.com

                                                         *Counsel for Respondent Cboe Global
                                                         Markets, Inc.*